| | | |
|---|---|---|
| TIFFANIE HARR, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:26-cv-01808 |
| | ) | |
| v. | ) | |
| | ) | |
| TRADEMARK RESTORATION | ) | |
| INCORPORATED, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Tiffanie Harr ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Trademark Restoration Incorporated ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction have been satisfied.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Winnebago County, Illinois.

9. Defendant, whose address is 2020 E Algonquin Road, Schaumburg, Illinois 60173, is a corporation specializing in roofing that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Bookkeeper/HR from on or about October 17, 2024, until Plaintiff's unlawful constructive discharge on or about August 20, 2025.

13. Plaintiff met or exceeded Defendant's performance expectations throughout the entire duration of her employment.

14. Plaintiff is female and is a member of a protected class because of her sex (female).

2

15. Since at least August 8, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII.

16. On or about August 8, 2025, employee Malik Dixon (male) sat in Plaintiff's office for approximately 15 (fifteen) to 30 (thirty) minutes continuously making sexual advances towards her.

17. Plaintiff repeatedly opposed his behavior, telling him that she was not interested, yet the harassment continued.

18. On or about August 12, 2025, Dixon exposed his private parts to another female employee, Emily.

19. Despite the severity of the incident, Defendant's owner, Gary Houston (male), brushed off the matter and failed to take any corrective action.

20. On or about August 18, 2025, Plaintiff and Emily reported Dixon's sexual harassment to Defendant's management.

21. In response, Dixon aggressively confronted Plaintiff at the reception desk, shouting, "You got me fucked up!" and making threats of physical bodily harm towards Plaintiff and Emily, including stating that he would "shoot Emily."

22. On or about August 20, 2025, Plaintiff was forced into a 30-minute meeting with Defendant's Owners Gary and Jordan Houston, Alex Ayala (male), and Dixon.

23. During this meeting, Plaintiff was told by the owners that if she did not feel comfortable, she should quit.

24. Dixon, the harasser, was allowed to remain in the meeting, further perpetuating the hostile environment.

3

25.     Additionally, Ayala had previously caused another female employee to quit due to gender discrimination, reflecting a pattern of sex-based discrimination at Defendant's workplace.

26.     The company's work environment was described as "loose," where sexual jokes were common, and Houston admitted that the company had difficulty knowing where to draw the line regarding appropriate behavior in the workplace.

27.     On or about August 21, 2025, Plaintiff was constructively discharged as a direct result of the ongoing sexual harassment, threats of physical harm, retaliation, and Defendant's failure to take corrective action or protect Plaintiff's right to a discrimination-free workplace.

28.     Plaintiff reported the sex-based discrimination and harassment to Defendant.

29.     Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

30.     Plaintiff suffered multiple adverse employment actions including, but not limited to, being constructively discharged.

31.     There is a basis for employer liability for the sex-based discrimination and harassment Plaintiff was subjected to, as Defendant failed to take appropriate corrective action despite being aware of the incidents of sexual harassment.

32.     Plaintiff reported the sex-based discrimination and harassment, including the threats of violence, to Defendant's management, but Defendant failed to take meaningful action to address the unlawful conduct.

33.     Plaintiff was retaliated against for reporting the unlawful sexual harassment and for opposing the unlawful discrimination, culminating in her constructive discharge.

4

34.      Plaintiff can show that she engaged in statutorily protected activity, a necessary component of her retaliation claim, because Plaintiff reported the sexual harassment and opposed unlawful discrimination in the workplace.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

35.      Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

36.      By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

37.      Plaintiff met or exceeded performance expectations.

38.      Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

39.      Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

40.      Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, female.

41.      Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

42.      As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Sex-Based Harassment)**

43.      Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

5

44. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

45. Defendant knew or should have known of the harassment.

46. The sex-based harassment was severe or pervasive.

47. The sex-based harassment was offensive subjectively and objectively.

48. The sex-based harassment was unwelcomed.

49. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e*, et seq*., due to Plaintiff's sex, female.

50. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(Retaliation)**

52. Plaintiff repeats and re-alleges paragraphs 1-34 as if fully stated herein.

53. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

54. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination and harassment.

55. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

Case 2:26-cv-00599-LA    Filed 02/18/26    Page 6 of 8    Document 1

56. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

57. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

58. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

60. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

61. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay with interest;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g.  Award pre-judgment interest if applicable; and

h.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 18th day of February 2026.

/s/*Travis P. Lampert*
**Travis P. Lampert, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
tlampert@atlaslawcenter.com
*Counsel for Plaintiff*

/s/ *Yousef J. Ahmad*
**Yousef J. Ahmad, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 2000
Lombard, Illinois 60148
630-575-8188
yahmad@atlaslawcenter.com
*Counsel for Plaintiff*